UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 FEB -2 PM 1:26

| | |
|---|---|
| Jill Giles on Behalf of Herself )<br>and a Class of Persons Similarly Situated, )<br>2019 Edgecliff Point )<br>Cincinnati, OH 45206 )<br>)<br>                       **Plaintiff,** )<br>   v. )<br>)<br>**James Frey** )<br>Address Unknown )<br>New York, New York )<br>)<br>and )<br>)<br>**Random House, V.G. Inc.** )<br>1745 Broadway )<br>New York, New York, 10019 )<br>)<br>    AGENT FOR SERVICE )<br>    OF PROCESS )<br>)<br>    Katherine J Trager )<br>    1745 Broadway )<br>    New York, New York 10019 )<br>)<br>                **Defendants.** ) | Case No. **1:06 CV 058**<br><br>Judge: **WEBER, J.**<br><br><br>**CLASS ACTION COMPLAINT**<br>**JURY DEMAND INDORSED HEREON** |

## CLASS ACTION COMPLAINT

Plaintiff Jill Giles, on her behalf and on behalf of similarly situated individuals, states as follows:

### SUMMARY

1.     This is a Class Action brought by Jill Giles, on behalf of herself and all other similarly situated persons (the "Class"), who have purchased the book or media adaptation of "A Million Little Pieces" since its publication in April 2003. The Defendant Random House has,

since the book's publication, marketed and distributed the book as a book of "non-fiction" or as a "non-fiction memoir," when in fact, the book, by the author's own admission is replete with fictional and concocted stories. In short, Plaintiff and the putative class of individuals she represents purchased this book under false pretenses due to being misled by the Defendant James Frey and his publisher Random House, Inc.

## JURISDICTION AND VENUE

2.  Plaintiff realleges Paragraph 1 of this Class Action Complaint and incorporates by reference herein as if fully rewritten.

3.  Plaintiff Jill Giles ("Giles") is and at all times mentioned herein, a citizen and resident of the County of Hamilton, State of Ohio. She had purchased her book from Joseph Beth Bookstore in Hamilton County, State of Ohio.

4.  James Frey is and at all times mentioned herein, a citizen and resident of the state of New York.

5.  Defendant Random House, Inc. ("Random House") is a New York corporation which publishes and distributes reading material such as fiction and non-fiction books. Random House's principal place of business is in New York, and doing business here in the state of Ohio as a distributor and seller of books and other such media adaptation of the book.

6.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §1332(d), 1453, because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of Defendant; and (3) the aggregate amount in controversy by the claims of the plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred here.

## GENERAL ALLEGATIONS

8. Plaintiff realleges Paragraphs 1 through 7 of this Class Action Complaint and incorporates by reference herein as if fully rewritten.

9. In April 2003 Random House published the book entitled "A Million Little Pieces" authored by Defendant James Frey (hereinafter referred to as the "Book"). Random House marketed the Book as a "memoir" and a work of "non-fiction."

10. Central to the Book is the author's assertions that he was charged with assaulting an Ohio police officer with his car, with inciting a riot, with possession of crack cocaine and felony drunk driving-charges that he wrote resulted in a three-month prison term.

11. An Internet Web-Site called the "Smoking Gun," owned and operated by Court TV, reported in January 2006 that most of those claims were false, and not borne out by police records.

12. On January 26, 2006 Defendant Frey appeared on the syndicated television program Oprah, and admitted that the assertions contained in herein of this Complaint were false, among other assertions contained in the Book.

13. At the time Frey wrote the Book, Frey knew that the assertions contained in the Book were false.

14. At the time Random House published the Book, it knew or should have known that the assertions contained in herein of this Complaint were false, especially because the falsity of these statements were borne out by public records.

3

## ALLEGATIONS PERTAINING TO THE PLAINTIF

15. Plaintiff realleges Paragraphs 1 through 14 of this Class Action Complaint and incorporates by reference herein as if fully rewritten.

16. Plaintiff, Jill Giles, after observing advertisements from Defendants in various media, purchased the Book from Joseph Beth Bookstore in Hamilton County, Ohio believing that the Book was a non-fictional recount of Defendant James Frey.

17. After purchasing the book, Plaintiff read the book and continued to believe that the book was a true recount of James Frey as continued media and advertisements about the book continued.

18. Central to the Book is the author's assertions that he was charged with assaulting an Ohio police officer with his car, with inciting a riot, with possession of crack cocaine and felony drunk driving-charges that he wrote resulted in a three-month prison term.

19. On or about January 26, 2006 Defendant Frey appeared on the syndicated television program Oprah, and admitted that the assertions contained in herein of this Complaint were false, among other assertions contained in the Book.

20. At the time Frey wrote the Book, Frey knew that the assertions contained in the Book were false.

21. At the time Random House published the Book, it knew or should have known that the assertions contained in herein of this Complaint were false, especially because the falsity of these statements were borne out by public records.

22. Plaintiff had believed from statements and advertisements that the book was accurate and non-fictional at the time of purchases and was induced to purchase the book by such assertions by and through the Defendants that the contents were non-fictional

## CLASS ACTION ALLEGATIONS

23. Plaintiff realleges Paragraphs 1 through 22 of this Class Action Complaint and incorporates by reference herein as if fully rewritten

24. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class. The Class consists of:

> All individuals who had purchased the book or other such media titled "A Million Little Pieces" authored by Defendant James Frey (hereinafter referred to as the "Book") published and distributed by Random House.

25. The Class is also hereby divided into a subclass:

> All residents of the State of Ohio who had purchased the book or other such media titled "A Million Little Pieces" authored by Defendant James Frey (hereinafter referred to as the "Book") published and distributed by Random House (the "Subclass").

26. Excluded from the Class are the Defendants, any person or other entity employed by, related to, or affiliated with Defendants, the judge assigned to this case and his or her staff, and counsel of record for Plaintiff and Defendants.

27. Plaintiff is a member of the Class she seeks to represent and a member of the Subclass.

28. On information and belief, the Class and the Subclass are each believed to include hundreds of persons who purchased this book or similar media. As a result, joinder of all Class members in a single action is impracticable.

29. Plaintiff brings this action on her own behalf and, pursuant to Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2) and (b)(3), on behalf of a class of all individuals that purchased, between April 2003 and January 16, 2006, the Book.

30. The members of the Class are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class, which can only

be ascertained through discovery. However, Plaintiff believes that thousands of present and former purchasers of the Book purchased the Book based on the way in which Random House falsely marketed the Book.

31. There exist questions of law and fact common to all members of the Class, and which predominate over any questions which only affect individual Class members. These common questions of law and fact include:

    a. What steps Random House took, prior to publishing the Book, the truth or veracity of Defendant Frey's assertions.

    b. Whether Defendants breached a duty owed to the public to ascertain the truthfulness of the contents before publishing and marketing.

    c. Whether Defendants' knew of the falsity of the statements at the time they were published; and

    d. Whether Defendants have engaged in a common scheme or course of conduct in the marketing, sales and promotion of the Book whereby Class Members have been induced to purchase the Book and associated media by false representations or by fraudulent representations

    e. Whether as a result of its representation, promises and agreements contained in promotions and marketing, Defendants are estopped from collecting and charging for the sale of the book and associated media.

  f. Whether selling this book under deceptive practices has unjustly enriched Defendants.

  g. Whether Defendants intentionally have and continue to sell and market the book as non-fictional

  h. Whether Defendants' conduct violates the Ohio Deceptive Practice and Consumer Protection Acts.

  i. Whether the Class is entitled to damages.

32. Since Plaintiff and all other members of the Class sustained injury as a result of Defendants' wrongful acts, Plaintiff's claims are typical of the claims of the other members of the Class.

33. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained able counsel with extensive experience in class action litigation.

34. The interests of the Plaintiff are coincident with and not antagonistic to the interests of the other Class members.

35. Prosecution of separate actions by members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

36. Furthermore, adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

37. Since joinder of all members of the Class is impracticable, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Further, because the injury suffered by the individual Class members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class members

individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### (Misrepresentation and Nondisclosure-James Frey)

38. Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

39. At all relevant times Defendant Frey, by his own admission, knew that the assertions contained herein of this Complaint were untrue, and knew that the Book was not a non-fictional memoir. Nonetheless, he allowed and authorized his publisher Random House to publish the Book as a non-fictional memoir, making these false assertions.

40. Frey made the false assertions and agreed to represent the Book as a non-fictional memoir, with the expectation that people would believe these falsehoods in hope that he would personally profit by being able to sell the Book to the public and did profit from such sales of over 2 million copies

41. Defendant Frey made such false assertions and representations to gain publicity to increase sales and popularity of the Book.

42. Plaintiff and the putative class did rely on the truth of false characterizations of the Book as a non-fictional memoir when they purchased the Book.

43. Plaintiff and the putative class have been injured as a result of their reliance on the above-described false representations.

## COUNT II
### (Negligent Misrepresentation-Random House and Frey)

44. Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

45. Defendants Random House and Frey owed the Plaintiff and the class a duty to market the Book honestly. Defendant Random House owed the Plaintiff and the class a duty to investigate the truth of Frey's assertions before it marketed the Book as a non-fictional memoir.

46. Defendant breached his duty by falsely representing the Book as a non-fictional memoir to Random House. Random House breached its duty by failing to make a reasonable investigation into the truth or falsity of Frey's assertions.

47. Defendant Random House profited from such sales of over 2 million copies

48. Defendant Random House made such false assertions and representations to gain publicity to increase sales and popularity of the Book.

49. As a consequence of these breaches, the Plaintiff and the class suffered losses and damages.

50. Defendants are personally liable to refund the entire purchase price of every Book that has been sold to the Plaintiff and the class

## COUNT III
### (Fraud)

51. Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

52. Defendants knowingly, fraudulently, and actively misrepresented in advertisements and through the media that the Book entitled "A Million Little Pieces" authored by Defendant James Frey (hereinafter referred to as the "Book") was a "memoir" and a work of "non-fiction."

53. Central to the Book is the author's assertions that he was charged with assaulting an Ohio police officer with his car, with inciting a riot, with possession of crack cocaine and felony drunk driving-charges that he wrote resulted in a three-month prison term and knew at the

9

time that he wrote the book that most of those claims were false, and not borne out by police records.

54. At the time Frey wrote the Book, Frey knew that the assertions contained in the Book were false.

55. At the time Random House published the Book, it knew or should have known that the assertions contained in herein of this Complaint were false, especially because the falsity of these statements were borne out by public records.

56. Defendants fraudulently, with knowledge and intent, stated that the Book was a non-fictional recount of experiences of James Frey. Therefore, Defendants, with knowledge and intent issued fraudulent marketing and advertisements to Plaintiffs and the Class Members when they knew or by due diligence should have known that such statements were false, hereinafter referred to "Deceptive Practices."

57. Defendants had a duty to properly market and advertise the Book to the Plaintiff and Class Members and not intentionally misrepresent the contents to the Plaintiff and Class Members.

58. Defendants made the aforementioned misrepresentations with knowledge of the falsity of said representation or with reckless disregard as to the truth of the representations.

59. Defendants acted with the intention of deceiving Plaintiffs and Class Members and did in fact deceive Plaintiffs and Class Members as to the contents of the book.

60. Defendants acted with the intention of inducing Plaintiff and Class Members to rely on the false misrepresentation presented by Defendants as to the content of the Book to induce sales of the book.

61. Plaintiff and Class Members did in fact rely on the fraudulent misrepresentations of Defendants and purchased the Book and associated media.

62. Plaintiff's and Class Members' reliance were justified.

63. As a result of the false and fraudulent and intentional misrepresentation by Defendants, Plaintiff and Class Members have been damaged and are entitled to compensatory damages, attorney fees, and costs.

64. The conduct of Defendants was willful, wanton, malicious, oppressive, gross and egregious conduct, and evidence of Defendants' reckless disregard for the truth or falsity of the representations of the content of the book. As such, Plaintiff and Class Members are entitled to punitive damages.

### COUNT IV
### (Promissory Estoppel)

65. Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

66. As a result of the Defendants' Deceptive Practices, Plaintiffs and the Class induced Plaintiffs and the Class Members to purchase the Book.

67. In reasonable reliance upon Defendants' Deceptive Practices, Plaintiff and Class Members purchased the Book and associated media.

68. Plaintiff's and Class Members' reliance upon Defendants' Deceptive Practices with respect to purchasing the book was reasonably foreseeable.

69. Plaintiffs and Class Members relied upon Defendants' Deceptive Practices to their detriment, and as a direct and proximate result of the Defendants' Deceptive Practices, Plaintiff and Class Members have suffered losses.

70. As a result of Defendants' Deceptive Practices, Plaintiff and Class Members are entitled to compensatory damages, attorney fees, and costs.

## COUNT V
### (Unjust Enrichment)

71.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

72.     Plaintiff and Class Members have been charged and have paid for the book and associated media as a result of Defendants' Deceptive Practices.

73.     Defendants have been unjustly enriched at the expense of the Plaintiff and Class Members by their deceptive, misleading, and wrongful Defendants' Deceptive Practices.

74.     Plaintiff and Class Members are entitled to damages as a result of the unjust enrichment of Defendants, including the return of all revenues obtained by Defendants as a result of selling the book and associated media.

## COUNT VII
### (Violation of the Ohio Deceptive Trade Practices Act)

75.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

76.     In the Defendants' promotions and marketing of the Book, Defendants have made and continue to make deceptive, false and misleading statements concerning the authenticity and contents of the Book relating to the fact that the Book purports to be a non-fictional recount of the experiences of James Frey

77.     Those false and misleading statements deceived Plaintiff and Class Members and deceived a substantial segment of the target audience.

78.     Defendants' deception is material as it has influenced purchasing decisions.

79.     Plaintiff and Class Members have been damaged as a result of Defendants' deceptions.

80. Defendants have violated the Ohio Deceptive Trade Practices Act, O R C 4165 01 *et seq.*

81. As a result of Defendants' violation, Plaintiff and Class Members are entitled to recover compensatory damages, attorneys' fees, and costs.

82. As said violation was willful, wanton, and malicious, Plaintiff and Class Members are entitled to punitive damages.

83. Plaintiff and Class Members are likely to continue to be damaged by Defendants' deceptive practices, and, accordingly, are entitled to an injunction against Defendants to prohibit Defendants from continuing these deceptive practices and the sale of the Book and associated media.

## COUNT VIII
### (Consumer Sales Practice Act)

84. Plaintiff realleges and incorporates herein by reference all of the allegations set forth above.

85. Plaintiff, the Class and the Subclass Members are "person" engaged in a consumer transaction or trade and commerce as defined by the Ohio Consumer Protection Act, ORC 1345, et seq.

86. Defendants were engaged and continue to engage to promote, sell and market the Book and associated media based upon false representations as to the content of the Book in order to induce sales. This conduct constitutes unfair, unconscionable, and deceptive acts on the part of Defendants in violation of the Ohio Consumer Protection Act, ORC 1345, et seq.

87. Plaintiff, the Class and the Subclass Members have been damaged as a result of Defendants' unfair, deceptive, and unconscionable acts or practices. As a result, Plaintiff, the Class

and the Subclass Members are entitled to recover compensatory damages, treble damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class and the Subclass respectfully request that this Court grant the following relief the Defendant:

1) That this action may be maintained as a class action under Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, and that notice to the Class and the Subclass be provided in compliance with Fed. R. Civ. P. 23(c)(3), and appointing Plaintiff as the representatives of the Class and the Subclass and Plaintiff's counsel as counsel for the Class and the Subclass;

2) Ordering Defendant to immediately stop selling the Book and other such media renditions, at Defendant's expense;

3) Awarding Plaintiff and members of the Class and the Subclass compensatory, and punitive damages, and restitution, in an amount to be proven at trial;

4) Awarding the Class and Subclass their costs and expenses in this litigation, including, but not limited to, expert fees and reasonable attorneys' fees;

5) That the Court award Plaintiff and members of the Class and the Subclass such other and further relief as may be necessary and appropriate.

Respectfully submitted

*[signature]*

Alan J. Statman (0012045)
Colleen M. Hegge (0038506) (of counsel)
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 621-2666
Facsimile: (513) 621-4896
ajstatman@shselegal.com
chegge@shselegal.com
ATTORNEYS FOR PLAINTIFF

### JURY DEMAND:

Plaintiff, individually and on behalf of the class she seeks to represent, hereby respectfully requests a trial by jury.

*[signature]*

Colleen M. Hegge

15