Giles v. Frey et al                                                                                                            Doc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JILL GILES,** | : | Case No. 1:06-cv-00058 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **AGREED MOTION TO STAY** |
| | : | **PROCEEDINGS PENDING A** |
| **JAMES FREY** *et alia*, | : | **DECISION BY THE JUDICIAL** |
| | : | **PANEL ON MULTIDISTRICT** |
| Defendants. | : | **LITIGATION** |
| | : | |

With the agreement of counsel for plaintiff Jill Giles, Defendant Random House, Inc. moves the Court to stay all proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Random House's motion to transfer and consolidate this and eleven other pending federal class actions for coordinated pretrial proceedings.[1] This case is one of twelve actions pending in federal courts across the country that arises out of the publishing and marketing of the book "A Million Little Pieces," written by defendant James Frey. A supporting memorandum is attached, and an agreed order will be submitted to the Court for its review.

---

[1] The MDL Motion and memorandum in support thereof are attached as Exhibit A. The Schedule of Actions Involved filed with the JPML is attached as Exhibit B. The Schedule reflects this action's original assignment to Judge Weber; the JPML is now aware of the action's reassignment to this Court.

February 27, 2006                              /s/ *Matthew C. Blickensderfer*
                                               Richard M. Goehler (0009160)
                                               Jill M. Vollman (0066326)
                                               Matthew C. Blickensderfer (0073019)
                                               Trial Attorneys for Defendant
                                                Random House, Inc.
                                               FROST BROWN TODD LLC
                                               2200 PNC Center
                                               201 E. Fifth Street
                                               Cincinnati, Ohio 45202
                                               Phone: (513) 651-6162
                                               Fax:     (513) 651-6981
                                               E-mail:rgoehler@fbtlaw.com
                                                       jvollman@fbtlaw.com
                                                       mblickensderfer@fbtlaw.com


OF COUNSEL:

Mark B. Blocker
Michael C. Andolina
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
E-mail:mblocker@sidley.com
       mandolina@sidley.com

## MEMORANDUM IN SUPPORT

Defendant Random House, Inc. moves this Court to stay this case pending a decision on a petition now pending before the Judicial Panel on Multidistrict Litigation ("JPML") in support of the establishment of a consolidated multidistrict proceeding for this and related litigation. Plaintiff Jill Giles, through her counsel, has agreed to this motion.

This action is one of twelve cases currently pending in federal courts across the country that stem from the publishing and marketing of the book "A Million Little Pieces" (the "Book") written by defendant James Frey (collectively the "AMLP Actions"). The central allegation of the complaint here, and of all the other AMLP Actions, is that the Book contained fabricated or embellished events and was improperly published, advertised, or marketed as a "memoir."

In the light of the number of AMLP Actions presenting common factual and legal issues, Random House filed with the JPML a motion to consolidate and transfer the AMLP Actions on February 23, 2006 ("MDL Motion"). In the MDL Motion, Random House suggests that all of the AMLP Actions be transferred to the United States District Court for the Southern District of New York for consolidated pretrial proceedings, or, in the alternative, to the Northern District of Illinois.

Given the pendency of the MDL Motion, Random House requests that this Court stay all pretrial proceedings in the instant case until the JPML has ruled. Awaiting the JPML's decision would serve the principle aims of multidistrict litigation – preserving resources of the courts and litigants and avoiding inconsistent decisions on the same pretrial issues – by allowing a single transferee court to consider the common legal and factual pretrial issues together and issue consistent rulings on such issues. *See In re Air Crash Near Kirksville, Mo., on Oct. 19, 2005*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005); *Board of Trs. of the Teachers' Ret. Sys. v.*

*WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002).  Numerous courts have previously recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court.

## **ARGUMENT**

Federal courts possess inherent powers to stay proceedings before them.  *Landis v. North America Co.*, 299 U.S. 248, 254-255 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants").  Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings.  Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases).

There is a good reason that this is the majority rule: an interim stay promotes judicial economy and avoids inconsistent results.  *See*, *e.g.*, *Worldcom, Inc.*, 244 F. Supp. 2d at 905-06 (finding that "the interests of judicial economy and the threat of inconsistent rulings" favor a stay of all pretrial proceedings pending the JPML's transfer decision); *Johnson v. AMR Corp.*, 1996 WL 164415, at **3-4 (N.D. Ill. Apr. 3, 1996) (concluding that "the best course is to postpone ruling on the present motions … and allow the MDL panel to determine whether to make its conditional final orders"); *see also In re Ivy*, 901 F.2d 7, 9 (2$^d$ Cir. 1990) (holding that "[c]onsistency as well as economy is served" by staying consideration of a remand motion pending a decision by the MDL Panel); *Tench v. Jackson National Life Insurance Co.*, 1999 WL 1044923, at *3-4 (N.D. Ill. Nov. 12, 1999) (staying all pretrial proceedings pending the JPML's

transfer decision to "avoid duplicative efforts and preserve valuable judicial resources.").[1]

In this case, both consistency and economy will be served by staying pretrial proceedings pending the JPML's decision on the motion to transfer and consolidate the AMLP Actions. If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants will be needlessly repeated many times over. For example, Random House (as well as author James Frey) now face twelve complaints in federal courts across the country that challenge the publishing and marketing of the Book. (See Ex. B.). Assuming these actions are transferred and consolidated before a single district court, it would be common for the transferee court to direct that a single consolidated complaint be prepared, allowing the defendants to answer or otherwise respond once, rather than twelve times. *See* 8 Moore's Federal Practice, § 42.13[5][a] at 42-30.1 (noting advantages of consolidated complaints as management tool for complex litigation). Requiring that the defendants now answer or otherwise respond to the plaintiff's individual complaint in this action, or other pretrial matters, would result in a wasted duplication of effort.

Nor will such a stay unfairly prejudice the plaintiff. If the MDL Motion is granted, and

---

[1] *See also Lame Bull v. Merck & Co.*, 2006 WL 194277, at * 2 (E.D. Cal. Jan. 24, 2006) ("the interest of judicial economy favors staying this action pending its transfer to the MDL proceedings"); *Toppins v. 3M Co.*, 2006 WL 12993, at **1-2 (E.D. Mo. Jan. 3, 2006) ("Judicial economy weighs in favor of granting the request for a temporary stay pending a decision by the MDL panel."); *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) (noting that, in staying motion to remand pending decision by the MDL Panel, "valuable judicial resources will be preserved"); *Beal v. Merck & Co., Inc.*, 2005 WL 3279285, at *1 (W.D. Tenn. Dec. 1, 2005) (staying motion to remand because "in the absence of a stay, the risk to [the defendant] of duplicative motions and discovery is significant"); *Ramos-Martir v. Astra Merck, Inc.*, 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005) (granting stay of all proceedings pending MDL's transfer decision because of the "undesirability of expending judicial resources familiarizing ourselves with the intricacies" of a case that is likely to be transferred); *Foti v. Warner-Lambert Co.*, 2005 WL 2036920, at *1 (E.D. La. Aug. 16, 2005) (staying all pretrial proceedings, including motion to remand, pending transfer decision by the MDL); *Mirabile, M.D. v. Blue Cross & Blue Shield of Kansas City, Inc.*, 2005 WL 1592661, at *2 (D. Kan. July 7, 2005) (finding that a stay of all proceedings pending a ruling by MDL "will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime"); *Med. Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (deferring consideration of motion to remand pending transfer decision by MDL Panel).

3

this case is transferred, then the transferee court may consider any and all pretrial matters at that time. *See*, *e.g.*, *In re Ivy*, 901 F.2d at 9. In the unlikely event the MDL Motion is denied, then the stay can be immediately lifted, and this Court can proceed with this matter as before. Under these circumstances, plaintiff faces no unfair prejudice from the requested stay.

## CONCLUSION

For the foregoing reasons, Defendant Random House, Inc. requests that its motion to stay be granted, and that the Court stay all pretrial proceedings pending the JPML's decision on the MDL Motion. In the alternative, Random House requests a 35-day extension of time to answer or otherwise plead in response to the complaint.

February 27, 2006                                   Respectfully submitted,


/s/ *Matthew C. Blickensderfer*
Richard M. Goehler (0009160)
Jill M. Vollman (0066326)
Matthew C. Blickensderfer (0073019)
Trial Attorneys for Defendant
 Random House, Inc.
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 651-6162
Fax:    (513) 651-6981
E-mail: rgoehler@fbtlaw.com
          jvollman@fbtlaw.com
          mblickensderfer@fbtlaw.com

5

OF COUNSEL:

Mark B. Blocker
Michael C. Andolina
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
E-mail:mblocker@sidley.com
          mandolina@sidley.com

**CERTIFICATION OF SERVICE**

    I certify that on February 27, 2006, I electronically filed Defendant Random House, Inc.'s Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

        Alan J Statman
        Colleen Marie Hegge
        Statman Harris Siegel & Eyrich LLC
        2900 Chemed Center
        255 E Fifth Street
        Cincinnati, OH 45202; and

        Scott Carter Frost
        Statman Harris Siegel & Eyrich LLC
        333 West Wacker Drive
        Suite 1710
        Chicago, IL 60606.

        /s/ *Matthew C. Blickensderfer*
        Matthew C. Blickensderfer

CINLibrary 0109699.0539745  1610728v.2