BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE "A MILLION LITTLE PIECES"
LITIGATION

MDL Docket No.

---

**MOTION TO TRANSFER AND CONSOLIDATE ACTIONS TO A SINGLE JUDICIAL
DISTRICT FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

      Defendants Random House, Inc. ("Random House") and Doubleday & Company,

Inc. ("Doubleday") (collectively the "Publishing Defendants"), by and through their attorneys,

hereby move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to

28 U.S.C. § 1407, to transfer and coordinate the cases listed on the attached Schedule of Actions

Involved, such actions including common facts and allegations stemming from the marketing

and sale of the book "A Million Little Pieces" (the "Book"), written by James Frey.

      The Publishing Defendants request that the Panel coordinate these actions and

transfer them to the United States District Court for the Southern District of New York, or, in the

alternative, to the Northern District of Illinois.  In support of this motion, the Publishing

Defendants state as follows:

1.    In 2003, Random House published the Book, which is based on Frey's experiences during a six-week stay at a drug rehabilitation center.

2.    In early 2006, after an article was posted on an investigative website claiming that certain portions of Frey's book were "wholly fabricated or wildly embellished," numerous putative class action lawsuits were filed against Frey and Random House ("the AMLP Actions").

3.    The AMLP Actions each make similar claims that Frey fabricated or embellished certain portions of the Book and that Random House allegedly acted improperly in marketing the Book as a memoir.  The AMLP Actions also assert similar (and sometimes identical) legal claims.

4.    Twelve AMLP Actions are currently pending in various federal courts across the country.

5.    The transfer and coordination of the AMLP Actions is appropriate based on the criteria set forth in 28 U.S.C. § 1407.  The actions all involve common questions of fact, and centralization will benefit the parties and witnesses to the actions and will promote the just and efficient conduct of the actions.

6.    The United States District Court for the Southern District of New York is the most appropriate transferee forum because four AMLP Actions have been filed in that jurisdiction, and the case has a natural nexus with that district in that the majority of the defendants, witnesses, and documents related to the AMLP Actions are located there.  In the alternative, the Northern District of Illinois is the second most appropriate transferee forum because three AMLP Actions have been filed there, and it is the most centrally located jurisdiction.

7.     In further support of this motion, the Publishing Defendants submit herewith an accompanying memorandum of law.

WHEREFORE, for the foregoing reasons and those included in the accompanying memorandum of law, the Publishing Defendants respectfully request that all AMLP Actions identified in the attached Schedule of Actions Involved be transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings.

Respectfully Submitted,

RANDOM HOUSE, INC. and
DOUBLEDAY & COMPANY, INC.

By: _____
                One of Their Attorneys

Mark B. Blocker
Michael C. Andolina
Marissa J. Reich
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Stephen G. Contopulos
Jennifer A. Ratner
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000

Dated: February 23, 2006

3

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

IN RE "A MILLION LITTLE PIECES"
LITIGATION

MDL Docket No.

---

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER
AND CONSOLIDATE ACTIONS TO A SINGLE JUDICIAL DISTRICT
FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the
Judicial Panel on Multidistrict Litigation (the "Panel"), defendants Random House, Inc.
("Random House") and Doubleday & Company, Inc. ("Doubleday") (collectively the
"Publishing Defendants"), hereby respectfully submit this Memorandum of Law in support of
their Motion to transfer and coordinate the cases listed on the attached Schedule of Actions
Involved ("the AMLP Actions"). The AMLP Actions all include common facts and allegations
stemming from the promotion and sale of the book "A Million Little Pieces" (the "Book"),
written by James Frey. The Publishing Defendants request that the Panel coordinate the AMLP
Actions and transfer them to the United States District Court for the Southern District of New
York. In the alternative, the Publishing Defendants request that the cases be transferred to the
Northern District of Illinois.

## BACKGROUND

In 2003, Random House published the Book, which is based on Frey's experiences during a six-week stay at a drug rehabilitation center. Over the next several years, the book gained critical success. In 2005, the Book was chosen as a featured selection for Oprah Winfrey's book club.

On January 8, 2006, the Smoking Gun, a investigative website, posted an article claiming that several sections of Frey's book were "wholly fabricated or wildly embellished." *A Million Little Lies*, THE SMOKING GUN (Jan. 8, 2006), available at http://www.thesmokinggun.com/jamesfrey/0104061jamesfrey1.html. Frey later commented on these claims in televised appearances on "Larry King Live" and "The Oprah Winfrey Show."

In the wake of the Smoking Gun article and Frey's appearance on the Oprah Winfrey show in late January 2006, numerous putative class action lawsuits against Frey and Random House were filed around the United States. To date, a total of twelve AMLP Actions have been filed in the United States. All of these lawsuits make similar claims that Frey fabricated or embellished certain portions of the Book and that Random House allegedly acted improperly in marketing the Book as a memoir. Most of these lawsuits assert similar legal claims.

Although a common factual predicate underlies all of the actions, the twelve suits are currently pending in six different United States District Courts, before ten different judges.[1] For the convenience of the parties, in the interests of conserving time and resources, and to avoid

---

[1] Six of the AMLP Actions were originally filed in various state courts, but were removed to federal court pursuant to 28 U.S.C. § 1332 and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA").

2

inconsistent results, the AMLP Actions should be transferred and consolidated before a single

judge in the Southern District of New York.

## ARGUMENT

I.    **THE AMLP ACTIONS SATISFY THE CENTRALIZATION CRITERIA SET FORTH IN SECTION 1407.**

The Panel may transfer civil cases for coordinated pretrial proceedings where (1)

the actions involve "one or more common questions of fact" which underlie the claims in each

suit, (2) coordination will benefit the parties and witnesses to the actions, and (3) coordination

"will promote the just and efficient conduct of the actions." 28 U.S.C. § 1407(a). The AMLP

Actions easily satisfy these statutory prerequisites.

A.    **All of the AMLP Actions Involve Common Questions of Fact.**

The AMLP Actions clearly "involv[e] one or more common questions of fact."

28 U.S.C. § 1407(a). An MDL Panel can properly transfer and consolidate actions where, based

on the Panel's analysis of the underlying factual allegations of the suits, it finds them all to

contain common factual issues. Even where individual legal theories or claims differ,

consolidation is appropriate if the actions "can be expected to focus on a significant number of

common events, defendants, and/or witnesses." *See In re Enron Corp. Sec., Deriv. & ERISA

Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (centralizing various securities, derivatives,

and ERISA actions because of the presence of common questions of fact); *see also In re

M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364-65 (J.P.M.L.

2005) (coordinating class actions involving common factual questions regarding advertising

misrepresentations even though "many of the actions are dependent upon questions of different

state laws...."); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, 2005 WL

3484629 at *1 (J.P.M.L. Dec. 13, 2005) ("Transfer under Section 1407 does not require a

3

complete identity, or even majority, or common factual issues as a prerequisite to transfer....");

*In re FedEx Ground Package Sys., Inc. Employment Practices Litig. (No. II)*, 381 F. Supp. 2d

1380, 1381 (J.P.M.L. 2005) (allowing for the coordination of several pending class actions

brought under various state laws because "the presence of ... differing legal theories is

outweighed when the underlying actions still arise from a common factual core.").

The AMLP Actions are unquestionably based upon a "common factual core."

Specifically, the complaints in each suit focus on (1) the author's alleged embellishments in the

Book; (2) the publication of the Book as a "memoir"; and (3) the various ways in which the

book was advertised, publicized, and marketed. These common issues of fact prevail over any

difference in the legal theories of the individual suits,[2] and make the actions appropriate for

coordination by the Panel.

### B. Transfer and Coordination Will Benefit the Parties and Witnesses to the Actions and Will Promote the Just and Efficient Conduct of the Actions.

Transfer and coordination allow "a single judge [to] structure pretrial proceedings

to consider all parties' legitimate discovery needs while ensuring that common parties and

witnesses are not subjected to discovery demands that duplicate activity that will occur or has

already occurred in other actions." *In re FedEx*, 381 F. Supp. 2d at 1381-82; *In re MP3Power

Razor*, 398 F. Supp. 2d at 1364 (same) *In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp.

2d 1381, 1381 (J.P.M.L. 2003) (same). Preventing duplicative discovery limits the time and

expense imposed upon the parties, witnesses, and judiciary. *See, e.g., In re Musha Cay Litig.*,

---

[2] The legal theories in each of the AMLP Actions are also similar. Plaintiffs seek to recover from Random House on various claims (e.g., consumer fraud, breach of contract, unjust enrichment) which allege that Random House improperly marketed the Book as a "memoir" or "non-fiction" or otherwise misrepresented the contents of the Book. Random House denies that any plaintiff has stated a claim or that certification of any class would be appropriate. Random House further denies that plaintiffs or any putative class members are entitled to any relief whatsoever.

4

330 F. Supp. 2d 1364, 1365 (J.P.M.L. 2004) (noting that one of the key functions of
centralization is to "conserve the resources of the parties, their counsel and the judiciary").
Furthermore, a unified proceeding prevents the risk of inconsistent or conflicting pretrial rulings
on issues such as class determination. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*,
344 F. Supp. 2d 755, 757 (J.P.M.L. 2004).[3]

Here, coordinating pretrial proceedings is in the best interests of all parties
involved. The discovery for each of the AMLP Actions is certain to entail significant overlap
because of the identical factual allegations made in each case. Without coordination, the pretrial
process will become quite onerous and costly. For example, the normally burdensome task of
responding to document production requests will become exponentially more difficult should the
parties have to respond to multiple requests, all of which are certain to be nearly identical. The
defendants and their corporate representatives, as well as common witnesses, will also be
required to appear at depositions for each lawsuit, where they will be repeatedly asked the same
questions. Defendants' counsel will also be required to travel extensively in order to appear at
status conferences and hearings for each suit.

Allowing multiple suits to proceed individually will also unnecessarily exhaust
judicial resources by requiring separate courts to consider and resolve identical pretrial issues.
Additionally, all of the actions seek to certify national or statewide classes of purchasers and/or
readers of the Book. Maintaining the AMLP Actions as separate suits creates a risk of
inconsistent results and threatens to waste judicial resources. The coordination and transfer of

---

[3] Even the claimed presence of non-common issues (if there are any made in the AMLP Actions)
should not prevent the coordination and transfer of actions, for the transferee judge still "remains
free to establish separate tracks for discovery and motion practice" when appropriate. *In re
Unumprovident Corp. Secs., Deriv. & ERISA Litig.*, 280 F. Supp. 2d 1377, 1380 (J.P.M.L. 2003)
(consolidating actions despite the unique legal claims being brought by different plaintiffs, since
the judge can address such issues in coordination with the common pretrial proceedings).

the AMLP Actions to one judge would ease the demands on the judiciary and the parties, and

facilitate a more orderly, efficient, and fair pretrial process.

## II.    THE MOST APPROPRIATE TRANSFEREE FORUM IN WHICH TO CENTRALIZE THE AMLP ACTIONS IS THE SOUTHERN DISTRICT OF NEW YORK, OR IN THE ALTERNATIVE, THE NORTHERN DISTRICT OF ILLINOIS.

The Southern District of New York is the most convenient and efficient forum for

the AMLP Actions, and the Panel should therefore transfer all of the AMLP Actions to that

district.  While no jurisdiction has a majority of the pending actions, the Southern District of

New York is the jurisdiction with the largest concentration of AMLP Actions (four).[4]  *See, e.g.,*

*In re Publication Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (choosing

as transferee forum the jurisdiction with "the largest number of pending actions," even though

that number was only one-third of the total).  Furthermore, because the claims in the actions

currently pending in the Southern District of New York are broad-based, they encompass most of

the legal theories of the lawsuits pending in other jurisdictions.  Thus, courts in the Southern

District of New York are likely to become familiar with the claims and allegations being brought

in the AMLP Actions generally.  *See, e.g., In re Fleming Cos. Secs. & Deriv. Litig.*, 269 F. Supp.

2d 1374, 1375 (J.P.M.L. 2003) (transferring actions to judge who was familiar with the

litigation).

Additionally, the Southern District of New York is the most appropriate forum to

which to transfer the actions because it has a clear nexus to the AMLP Actions.  Nearly all of the

defendants, and many of the witnesses and documents related to the actions are located in the

---

[4] Of the four cases currently pending in the Southern District of New York, three are assigned to Judge Richard J. Holwell (*Snow v. Doubleday, et al.* (06 CV 669); *Marolda v. Frey, et al.* (06 CV 1167) (referred as potentially related to 06 CV 669); and *Cohn v. Frey, et al.* (06 CV 1360) and one is assigned to Judge Gerard E. Lynch (*Floyd v. Doubleday, et al.*, 06 CV 0693).

6

Southern District of New York. *See, e.g., In re Am. Gen. Life & Accident Ins. Co. Retiree Benefits ERISA Litig.*, 387 F. Supp. 2d 361, 1363 (J.P.M.L. 2005) (transferring actions to district where the defendant's headquarters was located and where relevant witnesses would be located); *In re Reformulated Gasoline (Rfg) Antitrust & Patent Litig.*, 370 F. Supp. 2d 1357, 1359 (J.P.M.L. 2005) (transferring actions to district where defendant was headquartered, and where "documents and witnesses will likely be found"). With respect to defendants, two of the principal defendants are located in New York. Defendant Frey resides in New York City, and Defendant Random House's corporate headquarters are in New York City. With respect to witnesses, many of the key witnesses will be located in New York. In addition to Frey, the Publishing Defendants anticipate that many of the witnesses will be New York-based employees of Random House that were involved in the marketing and publishing of the book. Given the large number of witnesses in New York, it will be far easier to have a judge in the Southern District of New York supervise discovery.

        To the extent that witnesses or parties are located elsewhere, the Southern District of New York is still an appropriate transferee jurisdiction because, as the Panel has noted in the past, the Southern District of New York is located in a major metropolitan area that is "well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system of legal services." *In re WorldCom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002); *see also In re Air Crash at Belle Harbor, N.Y.*, 203 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) ( n choosing the Southern District of New York as the transferee forum, the court noted that Manhattan "provides a convenient and accessible forum for participants" in consolidated pretrial proceedings). Accordingly, the Southern District of New York is the most suitable forum in which to centralize the AMLP Actions.

In the alternative, should the Panel not choose the Southern District of New York as the transferee forum, Movants respectfully request that the actions be transferred to a judge in the Northern District of Illinois. There are three AMLP Actions currently pending in the Northern District of Illinois.[5] Moreover, based upon the geographic dispersal of the actions, the Northern District of Illinois is the most centrally located jurisdiction. *See In re Ameriquest*, 2005 WL 3484629 at *2 (transferring actions to the Northern District of Illinois because "this geographically central district will be a convenient location for a litigation already nationwide in scope"). Thus, if the Court chooses not to transfer the action to the Southern District of New York, it should instead transfer the actions to the Northern District of Illinois.

---

[5] The three cases removed to the Northern District of Illinois were randomly assigned to three different judges in that Court. However, pursuant to the Court's local rule on reassignment of related cases, Movants intend to seek to have all three actions assigned to the judge with the earliest-numbered case, Judge John F. Grady.

8

## CONCLUSION

For the foregoing reasons, the Publishing Defendants respectfully request that all AMLP Actions identified in the attached Schedule of Actions Involved be transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings.

Respectfully Submitted,

RANDOM HOUSE, INC. and
DOUBLEDAY & COMPANY, INC.

By: _____

One of Their Attorneys

Mark B. Blocker
Michael C. Andolina
Marissa J. Reich
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Stephen G. Contopulos
Jennifer A. Ratner
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000

Dated: February 23, 2006

9