# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Catherine D. Maida
Acting Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

June 14, 2006

J. Michael McMahon, Clerk
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: MDL-1771 -- In re "A Million Little Pieces" Litigation

(See Attached Schedule A of Order)

Dear Mr. McMahon:

    I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

    The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

    A copy of Rule 1.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel <u>Rules</u> and a copy of Chapter 7 of Volume 4 of the <u>Clerks Manual, United States District Courts</u>.

    The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Admimstrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Catherine D. Maida
Acting Clerk of the Panel

By /s/ Dana L. Stewart
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

|  |  |  |
|---|---|---|
|  | Transferee Judge: | Judge Richard J. Holwell |
| cc w/order only: | Transferee Chief Judge: | Judge Michael B. Mukasey |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

| | | |
|---|---|---|
| | Transferor Clerk(s): | James Bonini<br>Sherri R. Carter<br>Michael W. Dobbins<br>Bruce Rifkin |
| | Transferor Judge(s): | Judge Susan J. Dlott<br>Judge John F. Grady<br>Judge Ronald S.W. Lew<br>Judge Gerard E. Lynch<br>Judge Ricardo S. Martinez |

*RELEASED FOR PUBLICATION*

06 JUN 20 AM 11: 17

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 14 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1771*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE "A MILLION LITTLE PIECES" LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of ten actions listed on the attached Schedule A and pending in five districts as follows: three actions each in the Northern District of Illinois and the Southern District of New York, two actions in the Central District of California, and an action each in the Southern District of Ohio and the Western District of Washington. Defendants Random House, Inc., and Doubleday & Co., Inc., move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York or, alternatively, the Northern District of Illinois.[1] No party opposes centralization. Defendant James Frey (Frey) and plaintiffs in the three Southern District of New York actions support the motion, although one of the plaintiffs only supports transfer to the Southern District of New York. Plaintiff in a Central District of California action (*Rubenstein*) supports transfer to the Southern District of New York or, alternatively, the Central District of California. Plaintiffs in three Northern District of Illinois actions and a potential tag-along action also pending there, along with the plaintiff in the Southern District of Ohio action, prefer transfer to the Northern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the book "A Million Little Pieces" written by defendant Frey. Plaintiffs assert, among other things, i) that the book contained material fabrications, and ii) that advertisements and marketing concerning the book were false and misleading, inasmuch as the book was marketed as a work of nonfiction. Plaintiffs seek to recover from defendants on various state statutory and common law claims, such as negligence, consumer fraud, breach of contract, and unjust enrichment. Centralization under Section 1407 is necessary in order to eliminate

---

[1] Defendants initially sought to transfer twelve actions, but an Eastern District of Michigan action and a Southern District of New York action were later dismissed. Panel consideration of those actions is thus moot. Additionally, the Panel has been notified of an additional action pending in the Northern District of Illinois. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. The Southern District of New York is a likely source of relevant documents and witnesses, because the publishing defendants and individual defendants are located there. Further, this district enjoys the support of several plaintiffs and defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of New York and listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard J. Holwell for coordinated or consolidated pretrial proceedings with the actions already pending in that district and listed on Schedule A.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1771 -- In re "A Million Little Pieces" Litigation

### Central District of California

*Sara Rubenstein v. James Frey, et al.*, C.A. No. 2:06-1029
*Garrett Hauenstein, et al. v. James Frey, et al.*, C.A. No. 2:06-1030

### Northern District of Illinois

*Ann Marie Strack v. James Frey, et al.*, C.A. No. 1:06-933
*Pilar More v. James Frey, et al.*, C.A. No. 1:06-934
*Marcia Vedral v. James Frey, et al.*, C.A. No. 1:06-935

### Southern District of New York

*Michele Snow v. Doubleday, et al.*, C.A. No. 1:06-669
*Jimmy Floyd v. Doubleday, et al.*, C.A. No. 1:06-693
*Diane Marolda v. James Frey, et al.*, C.A. No. 1:06-1167

### Southern District of Ohio

*Jill Giles v. James Frey, et al.*, C.A. No. 1:06-58

### Western District of Washington

*Shera Paglinawan, et al. v. James Frey, et al.*, C.A. No. 2:06-99

RULE 1.6:    TRANSFER OF FILES

    (a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

    (b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

    (c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

    (d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

    (e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.